

# RHONDA COOLEY
CIRCUIT COURT CLERK
McMINN COUNTY
Athens, Tennessee 37303

I, Rhonda Cooley, Circuit Court Clerk of McMinn County, Tennessee, at Athens,

do hereby certify the attached to be a true copy of the entire court file, to date, in

the case of:

**Stephen Eimers, as Personal Representative of the Estate of Hannah Eimers,**

Deceased

Plaintiff

VS.

**Valmont Industries, Inc., a Foreign Corporation , et al**

 Defendants

Circuit Court Docket #2017-CV-383

This 14th day of December, 2017

RHONDA COOLEY
Circuit Court Clerk

By: _Rhonda Cooley_
Deputy Clerk

# IN THE CIRCUIT COURT OF McMINN COUNTY
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; VALMONT HIGHWAY, a
foreign corporation; ARMORFLEX
INTERNATIONAL LIMITED, a foreign
corporation; LINDSAY CORPORATION, a
foreign corporation; LINDSAY
TRANSPORTATION SOLUTION SALES &
SERVICE LLC, a foreign corporation; and
REYNOLDS FENCE & GUARDRAIL, INC.,
a foreign corporation,

     Defendant.

CASE NO. 2017-CV-383

JURY DEMANDED

FILED

OCT 2 4 2017

RHONDA J. COOLEY
CIRCUIT COURT CLERK
BY_____ D.G.

## COMPLAINT

Plaintiff, STEPHEN EIMERS, as Personal Representative of the Estate of HANNAH

EIMERS, deceased, now appears, by and through counsel, in this case, which arises out of the

injuries and wrongful death suffered by HANNAH EIMERS in a traffic collision on November 1,

2016, in McMinn County, Tennessee, on account of the wrongful and negligent conduct by and/or

attributable to the Defendants herein; for cause of action against these Defendants, Plaintiff states

the following contentions:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff STEPHEN EIMERS is a citizen and resident of Lenoir City, Loudon County, Tennessee, residing at 590 Old Greenback Road, Lenoir City, Tennessee 37772.

2.    Hannah Eimers, deceased, was the natural daughter of Stephen Eimers and Melissa Eimers. Hannah was born on September 11, 1999, and died on November 1, 2016.

3.    STEPHEN EIMERS, as a surviving parent of Hannah Eimers, deceased, is duly appointed as the Personal Representatives of her Estate. (Letter of Administration is attached hereto as "Exhibit A.")

4.    The potential beneficiaries of the Estate of Hannah Eimers in this wrongful death action and the relationship of each to the decedent are as follows:

a.    Stephen Eimers, surviving parent;

b.    Melissa Eimers, surviving parent; and

c.    The Estate of Hannah Eimers.

5.    Defendant VALMONT INDUSTRIES, INC., organized in the State of Nebraska, which at all relevant times was doing business in the jurisdiction of this Honorable Court. Valmont Industries is a foreign for-profit corporation organized and existing under the laws of Nebraska with its principal place of business at One Valmont Plaza, Omaha, Nebraska 68154-5215. Valmont Industries is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Valmont Industries transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Valmont Industries while, at or

about the time of the injury, Valmont Industries was engaged in solicitation or service activities within Tennessee, or products, materials, or things processed, serviced, or manufactured by Valmont Industries were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Valmont Industries derived substantial revenue. (T. C. A. § 20-2-223)

6. In 2013, Defendant Valmont Industries acquired Defendant Armorflex International Limited and its products, including the X-LITE guardrail end terminals involved in the accident at issue in this lawsuit. This acquisition amounted to a merger or de facto merger wherein liability for defects associated with the Subject Guardrail system was assumed by Valmont.

7. Valmont Industries designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and/or participates in governmental approval processes of guardrail systems installed in Tennessee and throughout the United States, including the Subject Guardrail and end terminal. Valmont Industries uses the registered trademark name "X-LITE" to identify its unique and patented highway guardrail end terminals. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median.

8. Defendant VALMONT HIGHWAY, a subsidiary of Valmont Industries, Inc., is a foreign for-profit corporation organized and existing under the laws of Australia with its principal place of business at 57-65 Airds Road, Minto NSW 2566 Australia. Valmont Highway is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Valmont Highway transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within

Tennessee arising out of an act or omission by Valmont Highway while, at or about the time of the injury, Valmont Highway was engaged in solicitation or service activities with in Tennessee, or products, materials, or things processed, serviced, or manufactured by Valmont Highway were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Valmont Highway derived substantial revenue. (T. C. A. § 20-2-223)

9.     Valmont Highway, designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and/or participates in governmental approval processes of guardrail systems installed in Tennessee and throughout the United States, including the Subject Guardrail and end terminal. Valmont Highway uses the registered trademark name "X-LITE" to identify its unique and patented highway guardrail end terminals. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median.

10.     Defendant ARMORFLEX INTERNATIONAL LIMITED ("hereinafter Armorflex"), a subsidiary of Valmont Industries, Inc., is a foreign for-profit corporation organized and existing under the laws of New Zealand with its principal place of business at 8 Paul Matthew Road, Auckland 0632, New Zealand. Armorflex was acquired by Valmont Industries Inc., in 2013. Armorflex is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Armorflex transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Armorflex while, at or about the time of the injury, Armorflex was engaged in solicitation or service activities with in Tennessee, or products, materials, or things processed, serviced, or manufactured by Armorflex were used or consumed

within Tennessee in the ordinary course of commerce, trade, or use, for which Armorflex derived substantial revenue. (T. C. A. § 20-2-223)

11.     Armorflex designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and participates in governmental approval processes of guardrail systems installed in Tennessee and throughout the United States, including the Subject Guardrail and end terminal. Armorflex uses the registered trademark name "X-LITE" to identify its unique and patented highway guardrail end terminals. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median. Armorflex holds the patent on the X-LITE.

12.     Defendant LINDSAY CORPORATION (hereinafter "Lindsay Corp") is a foreign corporation, organized in the State of Delaware, which at all relevant times was doing business in the jurisdiction of this Honorable Court. Lindsay Corp's principal place of business is located at 222 North 111th Street, Omaha, Nebraska 68164. Lindsay Corp is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Lindsay Corp transacting business in Tennessee or contracting to supply services or things in Tennessee; committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Lindsay Corp while, at or about the time of the injury, Lindsay Corp was engaged in solicitation or service activities within Tennessee, or products, materials, or things processed, serviced, or manufactured by Lindsay Corp were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Lindsey Corp derived substantial revenue. (T. C. A. § 20-2-223)

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

13.     Lindsay Corp designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and participates in governmental approval processes of guardrail systems installed in Tennessee and throughout the United States, including the Subject Guardrail and end terminal.   Lindsay Corp. uses the registered trademark name "X-LITE" to identify its unique and patented highway guardrail end terminals. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median. Lindsay Corp. holds the license and the trademark to the patented X-LITE.

14.     Defendant LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE, INC. (hereinafter "Lindsay TSSS") is a foreign corporation, organized in the State of California, and is a wholly owned subsidiary and/or operational unit or division of Lindsay Corp, which at all relevant times was doing business in the jurisdiction of this Honorable Court.  Lindsay TSSS's principal place of business is located at 180 River Road, Rio Vista, California  94571.  Lindsay TSSS is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Lindsay TSSS transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Lindsay TSSS while, at or about the time of the injury, Lindsay TSSS was engaged in solicitation or service activities with in Tennessee, or products, materials, or things processed, serviced, or manufactured by Lindsay TSSS were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Lindsey Corp derived substantial revenue.   (T. C. A. § 20-2-223).

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

15.     Lindsay TSSS designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and participates in governmental approval processes of guardrail systems installed in Tennessee and throughout the United States, including the Subject Guardrail and end terminal.   Lindsay TSSS uses the registered trademark name "X-LITE" to identify its unique and patented highway guardrail end terminals. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median.

16.     Defendant BARRIER SYSTEMS, INC., (hereinafter "Barrier Systems") is a foreign corporation, organized in the State of California, and is a wholly owned subsidiary and/or operational unit or division of Lindsay Corp or Lindsay TSSS, which at all relevant times was doing business in the jurisdiction of this Honorable Court.   Barrier Systems's principal place of business is located at 180 River Road, Rio Vista, California 94571. Barrier Systems is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Barrier Systems transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Barrier Systems while, at or about the time of the injury, Barrier Systems was engaged in solicitation or service activities with in Tennessee, or products, materials, or things processed, serviced, or manufactured by Barrier Systems were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Barrier Systems derived substantial revenue.   (T. C. A. § 20-2-223).

17.     Barrier Systems designs, develops, manufactures, tests, markets, promotes, advertises, distributes, sells, and participates in governmental approval processes of guardrail

Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400  Facsimile (561) 515-1401

terminals in Tennessee and throughout the United States, including the Subject Guardrail and end terminal. The X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or in the median.

18. Defendant REYNOLDS FENCE & GUARDRAIL, INC. [hereinafter "Reynolds"] is a foreign corporation, organized in the State of North Carolina, which at all relevant times was doing business in the jurisdiction of this Honorable Court. Reynolds' principal place of business is located at 9320 Machado Drive, Indian Trail, North Carolina, 28079-7718. Reynolds is subject to personal jurisdiction in the state of Tennessee because it is engaged in substantial and not isolated activity within the state of Tennessee; and Plaintiff's action arises from Reynolds transacting business in Tennessee or contracting to supply services or things in Tennessee; or committing a tortious act within Tennessee; or causing injury to persons or property within Tennessee arising out of an act or omission by Reynolds while, at or about the time of the injury, Reynolds was engaged in solicitation or service activities with in Tennessee, or products, materials, or things processed, serviced, or manufactured by Reynolds were used or consumed within Tennessee in the ordinary course of commerce, trade, or use, for which Reynolds derived substantial revenue. (T. C. A. § 20-2-223).

19. Reynolds maintains, inspects, and/or installs guardrail terminals and end terminals in Tennessee, including the Subject Guardrail and end terminal.

20. VALMONT INDUSTRIES, INC.; VALMONT HIGHWAY; ARMORFLEX INTERNATIONAL LIMITED; LINDSAY CORPORATION; LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE, LLC; and BARRIER SYSTEMS are referred to as collectively "Lindsay" or "Lindsay Defendants."

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

21.    Jurisdiction and venue are proper in this Honorable Court because McMinn County is the county in which the subject accident giving rise to this Complaint took place.

## ALLEGATIONS COMMON TO ALL COUNTS

22.    On or about November 1, 2016, on Interstate 75 near mile marker 55.90 in McMinn County, Tennessee, Hannah Eimers was the seat belted driver of 2000 Volvo S80, Vehicle Identification Number ("VIN") YV1TS94D6Y1141986, Tennessee License Number S6009N.

23.    At that time and place, the 2000 Volvo was traveling northbound on I-75, within the speed limit, when it left the roadway off the left shoulder and immediately thereafter, the Volvo collided with the X-LITE guardrail end terminal ("Subject Guardrail") that bordered I-75.

24.    During the collision, the X-LITE end terminal and rail system failed to perform its intended safety function and purpose due to a defect(s) with its design, manufacturing, and/or warnings.  Specifically, the X-LITE guardrail failed to properly perform/telescope upon impact. As a result, when the X-LITE end terminal was impacted by the Volvo, it was not able to maintain its integrity and stop the W-beams, thus allowing the W-beams to pierce through the Volvo's exterior and frame, and enter its driver's side occupant compartment and puncture all the way through into the rear passenger side door.

25.    During the collision, the W-beams penetrated the occupant compartment of the vehicle where Hannah Eimers was sitting, and violently struck her, causing her to suffer immediate, horrible, and agonizing pain, severe damage to her internal organs, internal bleeding, hemorrhaging, multiple fractures, and ultimately death.

26.     Hannah was properly licensed, well rested, very familiar with her vehicle, not under the influence of any alcohol or drugs, was not exceeding the speed limit, and was not talking or texting on her phone at the time of the accident.

27.     In the alternative, the X-LITE guardrail failed to perform as intended during the collision because it was improperly installed by Reynolds due to the Lindsay Defendants' failure to provide adequate installation and/or maintenance instructions.

## COUNT I – NEGLIGENCE AGAINST THE LINDSAY DEFENDANTS

28.     Plaintiff hereby incorporates by reference previous paragraphs 1 through 27 as if fully set forth herein.

29.     The Lindsay Defendants owed a duty of reasonable care in the design development, testing, manufacture, assembly, inspection, marketing, distribution, promotion, training, advertisement and sale of the Subject Guardrail so as to avoid exposing Plaintiff to unnecessary and unreasonable risks.

30.     The Lindsay Defendants breached that duty in one or more of the following ways:

a.  By negligently failing to use due care in the design, development, manufacture, assembly, testing, inspection, marketing, promotion, training, distribution, advertising, sale, or processing of the Subject Guardrail and its component parts, in order to avoid the aforementioned risks to individuals;

b.  By failing to adequately warn foreseeable purchasers, installers, and end users of the unreasonable dangerous and defective condition(s) of the X-LITE end

Case 1:17-cv-00356-TRM-SKL   Document 1-2   Filed 12/27/17   Page 11 of 71   PageID #: 19

terminal, despite the fact that they knew or should have known of the unreasonably dangerous condition(s);

c. By failing to disclose known problems and defects;

d. By marketing the X-LITE as safe;

e. By failing to adequately provide proper and clear installation, repair, maintenance, and/or instruction manuals, and failing to provide adequate warnings;

f. By failing to comply with reasonable and necessary guidelines, including those of the Department of Transportation, the Federal Highway Administration, and/or the National Cooperative Highway Research Program (NCHRP);

g. By failing to design and/or manufacture the X-LITE end terminal according to the specifications and approved by the Department of Transportation, the Federal Highway Administration, and/or the NCHRP;

h. By failing to make timely corrections to the design of the Subject Guardrail to correct the guardrail system;

i. By failing to adequately identify and mitigate the hazards associated with the guardrail system in accordance with good engineering practices;

j. By failing to adequately test the Subject Guardrail system, including the head and rail system, to ensure it provided foreseeable owners and passengers of the motoring public with reasonable safety in foreseeable impacts;

k. By manipulating, misrepresenting, and/or concealing testing data pertaining to the Subject Guardrail system;

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

l.   By failing to disclose known problems and defects;

m.  By failing to meet or exceed internal corporate guidelines;

n.   By failing to recall the guardrail system or, alternatively, retrofitting the guardrail system to provide reasonable safety for the motoring public; and

o.   By failing to recall the X-LITE end terminal to enhance safety.

31.   As a direct and proximate result of the Lindsay Defendants negligence, Hannah Eimers suffered fatal injuries and the Defendants are responsible for her death and damages as set forth below:

a.   Stephen Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Tennessee law;

b.   Melissa Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Tennessee law; and

c.   The Estate of Hannah Eimers has lost prospective net accumulations and has incurred medical and funeral expenses due to the decedent's injury and death.

WHEREFORE, Plaintiff, STEPHEN EIMERS, as the Personal Representative of the Estate of HANNAH EIMERS, deceased, for the benefit of the respective survivors and Estate, demands judgment for compensatory damages and costs against Defendants, VALMONT INDUSTRIES, INC.; VALMONT HIGHWAY; ARMORFLEX INTERNATIONAL LIMITED;

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400   Facsimile (561) 515-1401*

LINDSAY CORPORATION; LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE, LLC; and BARRIER SYSTEMS.

## COUNT II- STRICT LIABILITY AGAINST THE LINDSAY DEFENDANTS

32.     Plaintiff hereby incorporates by reference previous paragraphs 1 through 27 as if fully set forth herein.

33.     This is a Count for strict liability against the Lindsay Defendants.

34.     At all times material to this cause of action, the Lindsay Defendants were in the business of, and gained profits from, the design development, testing, manufacture, assembly, inspection, marketing, distribution, promotion, advertisement, and/or sale of X-LITE guardrail system through the stream of commerce.

35.     At all times material to this cause of action, the Subject Guardrail system was unreasonably dangerous and defective because:

    a. The Lindsay Defendants failed to use due care in the design, development, manufacture, assembly, testing, inspection, marketing, promotion, distribution, advertising, sale, and/or processing of the Subject Guardrail and its component parts, in order to avoid the aforementioned risks to individuals;

    b. The Lindsay Defendants failed to adequately warn foreseeable purchasers, installers, and end users of the unreasonable dangerous and defective condition(s) of the X-LITE end terminal, despite the fact that they knew or should have known of the unreasonably dangerous condition(s);

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

c. The Lindsay Defendants failed to disclose known problems and defects;

d. The Lindsay Defendants marketed the X-LITE as safe;

e. The Lindsay Defendants failed to adequately provide proper and clear installation, maintenance, and repair instruction manuals, and failed to provide adequate warnings;

f. The Lindsay Defendants failed to comply with reasonable and necessary guidelines, including those of the Department of Transportation, the Federal Highway Administration, and the NCHRP;

g. The Lindsay Defendants failed to design and/or manufacture the X-LITE end terminal according to the specifications and approved the Department of Transportation, the Federal Highway Administration, and/or the NCHRP;

h. The Lindsay Defendants failed to make timely corrections to the design of the Subject Guardrail to correct the guardrail system;

i. The Lindsay Defendants failed to adequately identify and mitigate the hazards associate with the guardrail system in accordance with good engineering practices;

j. The Lindsay Defendants failed to adequately test the Subject Guardrail system, including the head and rail system to ensure it provided foreseeable owners and passengers of the motoring public with reasonable safety in foreseeable impacts;

k. The Lindsay Defendants manipulated, misrepresented, and/or concealed testing data pertaining to the Subject Guardrail system;

l. The Lindsay Defendants failed to disclose known problems and defects;

m. The Lindsay Defendants failed to meet or exceed internal corporate guidelines;

n. The Lindsay Defendants failed to recall the guardrail system or, alternatively, retrofit the guardrail system to provide reasonable safety for the motoring public; and

o. The Lindsay Defendants failed to recall the X-LITE end terminal to enhance safety.

36.    The Lindsay Defendants designed, developed, manufactured, assembled, tested, inspected, marketed, promoted, distributed, advertised, sold, and/or processed the guardrail system and/or its component parts that is the subject of this litigation with unintended and unreasonably dangerous defects, which unintended and unreasonably dangerous defects were present in the guardrail system and/or its component parts when the Defendants placed the guardrail system and/or its component parts into the stream of commerce.

37.    The Subject Guardrail did not undergo any material change or alteration from the time of sale through, up to and including, the time of the aforementioned crash.

38.    As a direct and proximate result of the Lindsay Defendants negligence, Hannah Eimers suffered fatal injuries and the Defendants are responsible for her death and damages as set forth below:

a. Stephen Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Tennessee law;

b. Melissa Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and

companionship, and all other damages and expenses allowed under Tennessee law; and

    c.   The Estate of Hannah Eimers has lost prospective net accumulations and has incurred medical and funeral expenses due to the decedent's injury and death.

WHEREFORE, Plaintiff, STEPHEN EIMERS, as the Personal Representative of the Estate of HANNAH EIMERS, deceased, for the benefit of the respective survivors and Estate, demands judgment for compensatory damages and costs against Defendants, VALMONT INDUSTRIES, INC.; VALMONT HIGHWAY; ARMORFLEX INTERNATIONAL LIMITED; LINDSAY CORPORATION; LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE, LLC; and BARRIER SYSTEMS.

## COUNT III: NEGLIGENCE OF REYNOLDS

39.    Plaintiff hereby incorporates by reference previous paragraphs 1 through 27 as if fully set forth herein.

40.    Defendant Reynolds contracted with the Tennessee Department of Transportation ("TDOT") to complete TDOT projects of adding, installing, inspecting, maintaining, repairing, replacing, and/or overseeing the Subject Guardrail on I-75 in McMinn County, Tennessee.

41.    Reynolds had a duty to properly install, inspect, maintain, repair, monitor, and/or oversee such projects in a manner so as to protect individuals such as Hannah Eimers from unnecessary and unreasonable risks.

42.    Reynolds knew or should have known by the exercise of reasonable care that the Guardrail was not properly installed and secured such that upon impact at highway speed, it would separate allowing for a failure of the Guardrail system and thus allow intrusion of the guardrail into the subject vehicle.

43.    Reynolds breached its duty in one of more of the following ways:

a.   Failing to properly install, construct, maintain, repair, monitor, and/or inspect the subject Guardrail/X-LITE end terminal;

b.   Failing to discover the hazardous and unsafe condition of the Subject Guardrail/X-LITE end terminal;

c.   Failing to correct the hazardous and unsafe condition of the Subject Guardrail/X-LITE end terminal; and

d.   Failing to ensure its agents, subcontractors, and/or employees properly installed, constructed, maintained, repaired and/or inspected the Subject Guardrail/X-LITE end terminal.

44.    Reynolds's acts and/or omissions created an unreasonable risk of injuries to vehicle occupants and the motoring public, including Hannah Eimers.

45.    As a direct and proximate result of Reynolds's negligence, Hannah Eimers suffered fatal injuries and the Defendant is responsible for her death and damages as set forth below:

a.   Stephen Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Tennessee law;

b. Melissa Eimers, the surviving parent of Hannah Eimers, deceased, has suffered and will continue to suffer mental and physical anguish, loss of society and companionship, and all other damages and expenses allowed under Tennessee law;

c. The Estate of Hannah Eimers has lost prospective net accumulations and has incurred medical and funeral expenses due to the decedent's injury and death.

WHEREFORE, Plaintiff, STEPHEN EIMERS, as the Personal Representative of the Estate of HANNAH EIMERS, deceased, for the benefit of the respective survivors and Estate, demands judgment for compensatory damages and costs against REYNOLDS.

Respectfully submitted on October 24, 2017.

Justin G. Day, Esq. (BPR No. 033267)
Gregory F. Coleman, Esq. (BPR No. 14092)
Adam A. Edwards, Esq. (BPR No. 23253)
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
E: justin@gregcolemnlaw.com
E: greg@gregcolemanlaw.com
E: adam@gregcolemanlaw.com

Theodore J. Leopold, Esq. (FL Bar No. 705608)
*Pro Hac Vice Forthcoming*
Leslie M. Kroeger, Esq. (FL Bar No. 989762)
*Pro Hac Vice Forthcoming*
Poorad Razivi, Esq. (FL Bar No. 0022876)
*Pro Hac Vice Forthcoming*

*Cohen Milstein Sellers & Toll, PLLC*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400  Facsimile (561) 515-1401*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
T: (561) 515-1400
F: (561) 515-1401
E: tleopold@cohenmilstein.com
E: lkroeger@cohenmilstein.com
E: prazavi@cohenmilstein.com

*Attorneys for Plaintiff*

## COST BOND

I, the undersigned, pursuant to T.C.A.§ 20-12-125, acknowledge myself as surety for amounts required by law or included in the Clerk's bill of costs in this cause.

**GREG COLEMAN LAW, P.C.**

By: _____
Justin G. Day, Esq.

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED



## SUMMONS

**TO:** *LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE LLC*
*180 River Road*
*Rio Vista, California 94571*

**REGISTERED AGENT:**     *CT Corporation System (C0168406)*
*818 W. Seventh Street, Suite 930*
*Los Angeles, CA 90017*

**SERVE:**     **Tennessee Secretary of State**
**Division of Business Services**
**312 Rosa L. Parks Avenue**
**Snodgrass Tower, 6th Floor**
**Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN 37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

_Amanda Cooly_
DEPUTY CLERK

1

## NOTICE

**TO THE DEFENDANT**:

    Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, *LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE LLC:*

## RETURN

I received this Summons on the _____ day of _____, 2017.

(  ) served this Summons and a Complaint on Defendant, *LINDSAY TRANSPORTATION SOLUTIONS SALES & SERVICE LLC*, in the following manner:

_____

_____


(  ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____


                                                _____
                                                PROCESS SERVER

2

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED



## SUMMONS

**TO:**    REYNOLDS FENCE & GUARDRAIL, INC.
        9320 Machado Drive
        Indian Trail, North Carolina 28079-7718

***REGISTERED AGENT:***    ***INCORP SERVICES, INC.***
                              ***Suite 317***
                              ***Brentwood, TN 37027-3226***

***SERVE:***    **Tennessee Secretary of State**
             **Division of Business Services**
             **312 Rosa L. Parks Avenue**
             **Snodgrass Tower, 6th Floor**
             **Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN 37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

DEPUTY CLERK

1

## NOTICE

**TO THE DEFENDANT:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, **_REYNOLDS FENCE & GUARDRAIL, INC._**:

## RETURN

I received this Summons on the _____ day of _____, 2017.

( ) served this Summons and a Complaint on Defendant, **_REYNOLDS FENCE & GUARDRAIL, INC.,_** in the following manner:

_____

_____

( ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

2

## IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017 - CV - 383

JURY DEMANDED



### SUMMONS

**TO:**   *ARMORFLEX INTERNATIONAL LIMITED*
       *8 Paul Matthew Road*
       *Auckland 0632, New Zealand*

**REGISTERED AGENT:**   *ARMORFLEX INTERNATIONAL LIMITED*
                      *8 Paul Matthew Road*
                      *Auckland 0632, New Zealand*

**SERVE:**               *ARMORFLEX INTERNATIONAL LIMITED*
                      *8 Paul Matthew Road*
                      *Auckland 0632, New Zealand*

     You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN 37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

     Issued and tested this **24** day of October, 2017.

CLERK

DEPUTY CLERK

1

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017 - CV - 383

JURY DEMANDED



## SUMMONS

**TO:**    *VALMONT INDUSTRIES, INC.*
       *1 Valmont Plaza*
       *Omaha, NE 68145*

**REGISTERED AGENT:**    *Corporation Service Company*
                          *800 S. Gay Street, Suite 2021*
                          *Knoxville, TN 37929-9710*

**SERVE**:

       **Tennessee Secretary of State**
       **Division of Business Services**
       **312 Rosa L. Parks Avenue**
       **Snodgrass Tower, 6th Floor**
       **Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN 37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

_Amanda Cooley_
DEPUTY CLERK

1

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED



## SUMMONS

**TO:**    *VALMONT HIGHWAY*
       *57-65 Airds Rd.*
       *Minto NSW 2566 Australia*

**REGISTERED AGENT:**    *Valmont Highway*
                        *57-65 Airds Rd.*
                        *Minto NSW 2566 Australia*

**SERVE:**    *Valmont Highway*
              *57-65 Airds Rd.*
              *Minto NSW 2566 Australia*

     You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN
LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN
37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this
Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by
default can be taken against you for the relief demanded in the Complaint.

     Issued and tested this **24** day of October, 2017.

CLERK

*Amanda Cooley*

DEPUTY CLERK

1

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

      Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

      Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED



## SUMMONS

*TO:*    REYNOLDS FENCE & GUARDRAIL, INC.
      9320 Machado Drive
      Indian Trail, North Carolina 28079-7718

*REGISTERED AGENT:*    *INCORP SERVICES, INC.*
          *Suite 317*
          *Brentwood, TN 37027-3226*

*SERVE*:    **Tennessee Secretary of State**
          **Division of Business Services**
          **312 Rosa L. Parks Avenue**
          **Snodgrass Tower, 6th Floor**
          **Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN
LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN
37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this
Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by
default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

DEPUTY CLERK

1

## NOTICE

**TO THE DEFENDANT**:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, *REYNOLDS FENCE & GUARDRAIL, INC.*:

## RETURN

I received this Summons on the _____ day of _____, 2017.

(   ) served this Summons and a Complaint on Defendant, *REYNOLDS FENCE & GUARDRAIL, INC.,* in the following manner:

_____

_____

(   ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

PROCESS SERVER

2



**GREGORY F. COLEMAN\*+**
**ADAM A. EDWARDS**
**MARK E. SILVEY+**
**LISA A. WHITE**
**JUSTIN G. DAY**
**BENJAMIN P. LEMLY**

*Certified as a Civil Trial Specialist
+Certified as a Civil Pretrial Practice Advocate
+Also Admitted in Georgia

FILED 2:00 pm

NOV 1 3 2017

RHONDA J. COOLEY
CIRCUIT COURT CLERK
BY RC D.C.

November 7, 2017

Rhonda Cooley
McMinn Circuit Court Clerk
McMinn County Justice Center
1317 S. White Street
Athens, TN 37303

ATTN: Amanda

Re:    Stephen Eimers, as Personal Rep. of the Estate of Hannah Eimers, Deceased vs.
       Valmont Industries, Inc., et al; McMinn Circuit Court; Case No. 2017-CV-383

Dear Amanda:

Pursuant to our conversation on Thursday of last week, I am enclosing the following checks for service regarding the above-styled matter:

Check in the amount of $80.00 to the Secretary of State;
Check in the amount of $42.00 to the Knox County Sheriff, and
Check in the amount of $42.00 to the Williamson County Sheriff.

Should you have any questions or need anything further, please do not hesitate to contact our office.

Sincerely yours,

**GREG COLEMAN LAW PC**

Jackie Frasure, Paralegal

Enclosures

GCL File No. 2017-00005

GREG COLEMAN LAW PC • FIRST TENNESSEE PLAZA • 800 S. GAY STREET, SUITE 1100 • KNOXVILLE, TENNESSEE 37929
TELEPHONE: (865) 247-0080 • FACSIMILE: (865) 522-0049
www.gregcolemanlaw.com

IN THE McMINN CIRCUIT COURT
AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

     Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED



## SUMMONS

**TO:**  **BARRIER SYSTEMS, INC.**
    **180 River Rd.**
    **Rio Vista, California 94571**

**_SERVE_:**          **Tennessee Secretary of State**
               **Division of Business Services**
               **312 Rosa L. Parks Avenue**
               **Snodgrass Tower, 6th Floor**
               **Nashville, TN 37243**

     You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN
LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN
37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this
Summons and Complaint upon you, exclusive of the day of service.  If you fail to do so, Judgment by
default can be taken against you for the relief demanded in the Complaint.

     Issued and tested this ___|___ day of December, 2017.

CLERK



DEPUTY CLERK

1


ADA
FOR ASSISTANCE CALL
423-745-1281

## NOTICE

**TO THE DEFENDANT:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, *BARRIER SYSTEMS, INC.*:

## RETURN

I received this Summons on the _____ day of December, 2017.

(   ) served this Summons and a Complaint on Defendant, *REYNOLDS FENCE & GUARDRAIL, INC.,* in the following manner:

_____

_____

(   ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

2

Circuit Court Clerk, Rhonda Cooley, Circuit Court Clerk
McMinn County Circuit Court Judicial Complex
1317 S White Street
Athens, TN 37303
(423)745-1923
**Cost Bills**

12/1/2017

Stephen Eimers

In the case of:     Stephen Eimers (et. al) vs Valmont Industries Inc (et. al)
Case Number:      54CC1-2017-CV-383

| Fee | # of Fees | Due Date | Last Paid Date | Fee Amount | Total Assessed | Total Paid | Total Due |
|---|---|---|---|---|---|---|---|
| State Litigation Tax | 1 | | 10/24/2017 | $13.75 | $13.75 | $13.75 | $0.00 |
| State Civil Indigent Fund | 1 | | 10/24/2017 | $10.00 | $10.00 | $10.00 | $0.00 |
| County Litigation Tax | 1 | | 10/24/2017 | $23.75 | $23.75 | $23.75 | $0.00 |
| Jail Building Tax | 1 | | 10/24/2017 | $50.00 | $50.00 | $50.00 | $0.00 |
| Clerk Fee - CV | 1 | | 10/24/2017 | $223.00 | $223.00 | $223.00 | $0.00 |
| Clerk Data Processing - CV | 1 | | 10/24/2017 | $4.00 | $4.00 | $4.00 | $0.00 |
| Clerk Fee - Subpoena | 1 | | | $6.00 | $6.00 | $0.00 | $6.00 |
| Service Fee for Non-Collections | 1 | | 10/25/2017 | $0.00 | $0.00 | $0.00 | $0.00 |
| Service Fee Data | 1 | | 10/25/2017 | $0.00 | $0.00 | $0.00 | $0.00 |
| Library Tax | 1 | | 10/24/2017 | $1.25 | $1.25 | $1.25 | $0.00 |
| Refund On Case | 1 | | 10/25/2017 | $42.00 | $42.00 | $42.00 | $0.00 |
| | | | **Totals:** | | $373.75 | $367.75 | $6.00 |

Sworn to before me the 1st December, 2017.

_____ , Clerk

_____ , D.C.



## Justice For You

**GREGORY F. COLEMAN\*+**
**ADAM A. EDWARDS**
**MARK E. SILVEY+**
**LISA A. WHITE**
**JUSTIN G. DAY**
**BENJAMIN P. LEMLY**

*Certified as a Civil Trial Specialist
+Certified as a Civil Pretrial Practice Advocate
+Also Admitted in Georgia

# Fax

| To: | Rhonda Cooley, Clerk ATTN; Amanda | Fax: | 423-744-1642 |
|---|---|---|---|
| From: | Justin G. Day, Esq./Jackie Frasure | Date: | December 01, 2017 |
| Re: | Steven Eimers v. Valmont Industries, Inc., et al | Pages: | 3 |

## *Comments:*

GREG COLEMAN LAW PC • FIRST TENNESSEE PLAZA • 800 S. GAY STREET, SUITE 1100 • KNOXVILLE, TENNESSEE 37929
TELEPHONE: (865) 247-0080 • FACSIMILE: (865) 522-0049
www.gregcolemanlaw.com

┌─────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT │
└─────────────────────────────────────┘

```
                                    TIME  : 12/01/2017 16:12
                                    NAME  : CIRCUIT
                                    FAX   : 4237441642
                                    TEL   : 4237451933
                                    SER.# : U63274K6J353939
```

```
DATE,TIME          12/01  16:11
FAX NO./NAME       918655220049
DURATION           00:00:29
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

```
                    RECEIVED  12/01/2017 16:04   4237441642        CIRCUIT
12/01/2017  15:56   8655220049                   GREG COLEMAN LAW PC           PAGE  02/03
```

## IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

    Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

    Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED

## SUMMONS

**TO:**  **BARRIER SYSTEMS, INC.**
    **180 River Rd.**
    **Rio Vista, California 94571**

**SERVE:**          **Tennessee Secretary of State**
          **Division of Business Services**
          **312 Rosa L. Parks Avenue**
          **Snodgrass Tower, 6th Floor**
          **Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN
LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN
37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this
Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by
default can be taken against you for the relief demanded in the Complaint.

## IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

     Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

    Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED

FILED

DEC 0 4 2017

RHONDA J. COOLEY     133
CIRCUIT COURT CLERK

### SUMMONS

TO:    *VALMONT INDUSTRIES, INC.*
       *1 Valmont Plaza*
       *Omaha, NE 68145*

*REGISTERED AGENT:*    *Corporation Service Company*
                       *800 S. Gay Street, Suite 2021*
                       *Knoxville, TN 37929-9710*

*SERVE*:

       **Tennessee Secretary of State**
       **Division of Business Services**
       **312 Rosa L. Parks Avenue**
       **Snodgrass Tower, 6th Floor**
       **Nashville, TN 37243**

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN 37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

DEPUTY CLERK

ADA
FOR ASSISTANCE CALL
423-745-1201

1

## NOTICE

**TO THE DEFENDANT**:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, *VALMONT INDUSTRIES, INC.:*

## RETURN

I received this Summons on the _____ day of **NOV 3 0 2017**, 2017.

(✓) served this Summons and a Complaint on Defendant, *VALMONT INDUSTRIES, INC.*, in the following manner:

_____Velmont_____

____SAMANTHA SUTTON____ agent____

( ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

n. Baird 2525

____PROCESS SERVER____

2

# IN THE McMINN CIRCUIT COURT
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased,

    Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; et al,

    Defendants.

CASE NO. 2017-CV-383

JURY DEMANDED

RECEIVED
NOV 28 2017
WARRANTS

## SUMMONS

**TO:**     REYNOLDS FENCE & GUARDRAIL, INC.
    9320 Machado Drive
    Indian Trail, North Carolina 28079-7718

**REGISTERED AGENT:**     *INCORP SERVICES, INC.*
    *Suite 317*
    *Brentwood, TN 37027-3226*

**SERVE:**     **Tennessee Secretary of State**
    **Division of Business Services**
    **312 Rosa L. Parks Avenue**
    **Snodgrass Tower, 6th Floor**
    **Nashville, TN 37243**

FILED

DEC 04 2017

RHONDA ___ ___ 214
CIRCUIT COURT CLERK
BY ___ CTC ___ D.C.

    You are hereby summoned and required to serve upon Justin G. Day, Esq./GREG COLEMAN
LAW PC, Plaintiff's attorneys, at First Tennessee Plaza, 800 S. Gay Street, Suite 1100, Knoxville, TN
37929, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this
Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by
default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this **24** day of October, 2017.

CLERK

DEPUTY CLERK


ADA
FOR ASSISTANCE CALL
423-745-1281

1

## NOTICE

**TO THE DEFENDANT**:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant, *REYNOLDS FENCE & GUARDRAIL, INC.*:

## RETURN

I received this Summons on the _29_ day of _____, 2017.

( ⁄ ) served this Summons and a Complaint on Defendant, *REYNOLDS FENCE & GUARDRAIL, INC.,* in the following manner:

_Serval Ashley Lawson agent for Inturp Servin_

_X Hawsson_

( ) failed to serve this summons within thirty (30) days after its issuance because:

_____

_____
PROCESS SERVER

Gary Brown
W.C.S.O.
Civil Warrants Division

2

# IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
## TENTH JUDICIAL DISTRICT, McMINN COUNTY
### AT ATHENS

|  |  |  |
|---|---|---|
| STEPHEN EIMERS, as Personal Representative of the Estate of HANNAH EIMERS, Deceased, | ) ) ) ) | |
| Plaintifff, | ) ) | |
| v. | ) ) | Case No. 2017-CV-383 |
| VALMONT INDUSTRIES, INC., a foreign corporation; VALMONT HIGHWAY, a foreign corporation; ARMORFLEX INTERNATIONAL LIMITED, a foreign corporation; LINDSAY CORPORATION, a foreign corporation; LINDSAY TRANSPORTATION SOLUTION SALES & SERVICE LLC, a foreign corporation; and REYNOLDS FENCE & GUARDRAIL, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

FILED

NOV 3 0 2017

RHONDA J. COOLEY 342
CIRCUIT COURT CLERK
BY_____ D.C.

---

## MOTION FOR APPEARANCE *PRO HAC VICE*

---

Defendants Lindsay Corporation, Lindsay Transportation Solutions Sales & Service, LLC, and Lindsay Transportation Solutions, Inc. f/k/a Barrier Systems, Inc. respectfully move this Court for the appearance *pro hac vice* of Shelby K. Riney of Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania 19103, as additional counsel for them in this action. Ms. Riney's affidavit and certificate of good standing are attached in support of this motion in accordance with Tennessee Supreme Court Rule 19(d).

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*Brigid M. Carpenter*

JOHN S. HICKS (B.P.R. No. 010478)
jhicks@bakerdonelson.com
BRIGID M. CARPENTER (B.P.R. No. 018134)
bcarpenter@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, Tennessee 37201
Telephone: 615.726.5600
Facsimile: 615.744.0464

*Attorneys for Defendants Lindsay Corporation,
Lindsay Transportation Solutions Sales &
Service, LLC, and Lindsay Transportation Solutions
Inc. f/k/a Barrier Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been provided via electronic mail and U.S. Mail, postage prepaid to:

Theodore J. Leopold
Leslie M. Kroeger
Poorad Razavi
Cohen Milstein Sellers & Toll, PLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, Florida 33410

Gregory F. Coleman
Adam A. Edwards
Justin G. Day
Greg Coleman Law PC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

this 28th day of November, 2017.

Brigid M. Carpenter

IN THE CIRCUIT COURT OF McMINN COUNTY
AT ATHENS, TENNESSEE

| | |
|---|---|
| STEPHEN EIMERS, as Personal Representative of the Estate of HANNAH EIMERS, Deceased, Plaintiff, )<br><br>v.<br><br>VALMONT INDUSTRIES, INC. a foreign corporation; VALMONT HIGHWAY, a foreign corporation; ARMORFLEX INTERNATIONAL LIMITED, a foreign corporation; LINDSAY CORPORATION, a foreign corporation; LINDSAY TRANSPORTATION SOLUTION SALES & SERVICE LLC, a foreign corporation; and REYNOLDS FENCE & GUARDRAIL, INC., a foreign corporation, Defendants. | Case No. 2017-CV-383<br><br>JURY DEMANDED |

**AFFIDAVIT OF SHELBY K. RINEY**
**IN SUPPORT OF MOTION FOR APPEARANCE *PRO HAC VICE***

Shelby K. Riney, having been duly sworn, states as follows in support of her appearance *pro hac vice* in the above-captioned case:

1.    My name is Shelby K. Riney.

2.    My law firm and business address is Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103.

3.    My residence address is 1671 Hunters Circle, West Chester, Pennsylvania, 19380.

4.    I seek to appear *pro hac vice* as counsel for Lindsay Corporation and Lindsay Transportation Solutions Sales & Service, LLC.

5.    I am currently licensed to practice, in good standing, and admitted to practice in the following jurisdictions:

**State**

| Jurisdiction | Date of Admission | License Number |
|---|---|---|
| Pennsylvania | 09/18/2015 | 320379 |
| Illinois | 11/06/2008 | 6296364 |

**Federal**

| Jurisdiction | Date of Admission |
|---|---|
| Northern District of Illinois | 05/13/2010 |

6.    I have recently sought to appear *pro hac vice* in Tennessee to be admitted and represent defendants, Lindsay Corporation, Lindsay Transportation Solutions Sales & Service, LLC and Barrier Systems, in the matter of *Beuttel Estate v. Lindsay Corporation, et al.,* Cumberland County at Crossville, Tennessee, Case No. CC1-2017-CV-6287, as well as in the matter of *Byrd Estate v. Lindsay Corporation, et al.,* Tennessee 11th Judicial District, Hamilton County at Chattanooga, Case No. 17C747.

7.    I have not been denied appearance *pro hac vice* in any matter in any jurisdiction.

8.    I have not been disciplined or sanctioned by the Board of Professional Responsibility or the Tennessee Supreme Court, nor any other similar lawyer disciplinary agency in any jurisdiction. Likewise, there are no disciplinary actions or investigations concerning my conduct pending before any disciplinary agency in any jurisdiction.

9.    I am familiar with the Tennessee Rules of Professional Conduct, the Tennessee Rules of Civil Procedure, and the Local Rules of the courts of Davidson County. I agree to be

2

bound by those Rules and consent to disciplinary jurisdiction of the Board of Professional

Responsibility of the Supreme Court of Tennessee and the courts of Tennessee.

10.    In this matter, I am associated with the following counsel, who are licensed in

good standing with the Tennessee Supreme Court:

> Brigid M. Carpenter (B.P.R. No. 18134)
> John S. Hicks (B.P.R. No. 10478)
> Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
> Suite 800, Baker Donelson Center
> 211 Commerce Street
> Nashville, Tennessee 37201
> (615) 726-7341 (Telephone)
> (615) 744-7341 (Facsimile)
> bcarpenter@bakerdonelson.com

11.    I have paid all fees required by Rule 19 of the Tennessee Supreme Court in

connection with my motion for appearance *pro hac vice*.

12.    The motion for my appearance *pro hac vice* and this affidavit have been served

upon the Board of Professional Responsibility of the Tennessee Supreme Court.

FURTHER AFFIANT SAITH NOT.

_____
Shelby K. Riney


COMMONWEALTH OF PENNSYLVANIA    )
                                )
COUNTY OF PHIALDELPHIA           )


Subscribed and sworn to before me this ___8th___ day of ___November___, 2017.


_____
Notary Public

My Commission Expires: __11/29/2018__

> COMMONWEALTH OF PENNSYLVANIA
> NOTARIAL SEAL
> Lisa A. Gangloff, Notary Public
> City of Philadelphia, Philadelphia County
> My commission expires November 29, 2018

3



## Supreme Court of Pennsylvania

## CERTIFICATE OF GOOD STANDING

### Shelby Kay Riney, Esq.

**DATE OF ADMISSION**

*September 18, 2015*

The above named attorney was duly admitted to the bar of the Commonwealth of Pennsylvania, and is now a qualified member in good standing.

**Witness my hand and official seal**
**Dated:  October 27, 2017**

Patricia A. Johnson
Chief Clerk

IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
TENTH JUDICIAL DISTRICT, McMINN COUNTY
AT ATHENS

| | | |
|---|---|---|
| STEPHEN EIMERS, as Personal Representative of the Estate of HANNAH EIMERS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2017-CV-383 |
| VALMONT INDUSTRIES, INC., a foreign corporation; VALMONT HIGHWAY, a foreign corporation; ARMORFLEX INTERNATIONAL LIMITED, a foreign corporation; LINDSAY CORPORATION, a foreign corporation; LINDSAY TRANSPORTATION SOLUTION SALES & SERVICE LLC, a foreign corporation; and REYNOLDS FENCE & GUARDRAIL, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

FILED

NOV 3 0 2017   342

RHONDA J. COOLEY
CIRCUIT COURT CLERK

---

## MOTION FOR APPEARANCE *PRO HAC VICE*

---

Defendants Lindsay Corporation, Lindsay Transportation Solutions Sales & Service, LLC, and Lindsay Transportation Solutions, Inc. d/b/a Barrier Systems, Inc. respectfully move this Court for the appearance *pro hac vice* of James H. Heller of Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania 19103, as additional counsel for them in this action. Mr. Heller's affidavit and certificate of good standing are attached in support of this motion in accordance with Tennessee Supreme Court Rule 19(d).

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

JOHN S. HICKS (B.P.R. No. 010478)
jhicks@bakerdonelson.com
BRIGID M. CARPENTER (B.P.R. No. 018134)
bcarpenter@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, Tennessee 37201
Telephone: 615.726.5600
Facsimile: 615.744.0464

*Attorneys for Defendants Lindsay Corporation,
Lindsay Transportation Solutions Sales &
Service, LLC, and Lindsay Transportation Solutions
Inc. f/k/a Barrier Systems, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been provided via electronic mail and U.S. Mail, postage prepaid to:

Theodore J. Leopold
Leslie M. Kroeger
Poorad Razavi
Cohen Milstein Sellers & Toll, PLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, Florida 33410

Gregory F. Coleman
Adam A. Edwards
Justin G. Day
Greg Coleman Law PC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

this 28th day of November, 2017.

Brigid M. Carpenter

4816-9462-7156 v1
2941712-000003 11/10/2017

IN THE CIRCUIT COURT OF McMINN COUNTY
AT ATHENS, TENNESSEE

|  |  |  |
|---|---|---|
| STEPHEN EIMERS, as Personal Representative of the Estate of HANNAH EIMERS, Deceased, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Case No. 2017-CV-383 |
| VALMONT INDUSTRIES, INC. a foreign corporation; VALMONT HIGHWAY, a foreign corporation; ARMORFLEX INTERNATIONAL LIMITED, a foreign corporation; LINDSAY CORPORATION, a foreign corporation; LINDSAY TRANSPORTATION SOLUTION SALES & SERVICE LLC, a foreign corporation; and REYNOLDS FENCE & GUARDRAIL, INC., a foreign corporation, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMANDED |

### AFFIDAVIT OF JAMES H. HELLER
### IN SUPPORT OF MOTION FOR APPEARANCE *PRO HAC VICE*

James H. Heller, having been duly sworn, states as follows in support of his appearance *pro hac vice* in the above-captioned case:

1.    My name is James Harris Heller.

2.    My law firm and business address is Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103.

3.    My residence address is 27 Lakewood Drive, Media, Pennsylvania, 19063.

4.    I seek to appear *pro hac vice* as counsel for Defendants, Lindsay Corporation and Lindsay Transportation Solutions Sales & Service.

5.    I am currently licensed to practice, in good standing, and admitted to practice in the following jurisdictions:

FURTHER AFFIANT SAITH NOT.

_____
James H. Heller

COMMONWEALTH OF PENNSYLVANIA )
                              )
COUNTY OF PHIALDELPHIA         )

Subscribed and sworn to before me this 2nd day of November _____, 2017.

_____
Notary Public

My Commission Expires: 11-29-2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Lisa A. Gangloff, Notary Public
City of Philadelphia, Philadelphia County
My commission expires November 29, 2018

4



## Supreme Court of Pennsylvania

## CERTIFICATE OF GOOD STANDING

### *James Harris Heller, Esq.*

**DATE OF ADMISSION**

*November 25, 1985*

The above named attorney was duly admitted to the bar of the Commonwealth of Pennsylvania, and is now a qualified member in good standing.

**Witness my hand and official seal**
**Dated: November 2, 2017**

Patricia A. Johnson
Chief Clerk

STEPHEN EIMERS, as Personal Representative )
of the Estate of HANNAH EIMERS, Deceased, )
                                    )

      Plaintiff,                    )

v.                                    )    Case No. 2017-CV-383

VALMONT INDUSTRIES, INC. a foreign    )    JURY DEMANDED
corporation; VALMONT HIGHWAY, a foreign )
corporation; ARMORFLEX INTERNATIONAL )
LIMITED, a foreign corporation; LINDSAY    )
CORPORATION, a foreign corporation;      )
LINDSAY TRANSPORTATION SOLUTION    )
SALES & SERVICE LLC, a foreign corporation; )
and REYNOLDS FENCE & GUARDRAIL,    )
INC., a foreign corporation,             )
                                      )

      Defendants.                )

FILED

NOV 3 0 2017

RHONDA J. COOLEY 5-4?
CIRCUIT COURT CLERK
BY:_____ D.C.

## ANSWER OF LINDSAY CORPORATION, LINDSAY TRANSPORTATION SOLUTION SALES & SERVICE LLC, AND LINDSAY TRANSPORTATION SOLUTIONS INC. f/k/a BARRIER SYSTEMS, INC.

Defendants Lindsay Corporation, Lindsay Transportation Solutions Sales & Service,

LLC ("LTSSS"), and Lindsay Transportation Solutions Inc. f/k/a Barrier Systems, Inc.

(collectively, "Lindsay"), pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure,

answer Plaintiff's Complaint against them as follows:

### PARTIES, JUSRISDICTION AND VENUE

    1.    Lindsay is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1 and therefore denies the same.

    2.    Lindsay is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 2 and therefore denies the same.

3.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

4.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.

5.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the same.

6.      Lindsay admits the allegations of the first sentence of Paragraph 6.  The second sentence in Paragraph 6 is a conclusion of law to which no response is required.

7.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9.      Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same.

10.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 10 and therefore denies the same. Lindsay admits the allegations of the second sentence of Paragraph 10.  The remaining statements are conclusions of law to which no response is required.

11.     In response to the allegations of Paragraph 11, Lindsay admits that Armorflex designed, developed and participated in the governmental approval processes of the X-LITE end terminal, that Armorflex uses the name "X-LITE," and that the X-LITE end terminal can be used at the terminal of flexible barriers on the shoulder of a roadway or median.  Lindsay is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies the same.

12.     Lindsay admits that Lindsay Corporation is a foreign corporation organized under the laws of the State of Delaware, but denies that Lindsay Corporation was doing business at any time in the jurisdiction of this Court. In response to the allegations of the second sentence of Paragraph 12, Lindsay states that the correct address is 2222 North 111th Street, Omaha, Nebraska 68164. Lindsay denies the remaining allegations of Paragraph 12 and denies that this Court may properly exercise personal jurisdiction over Lindsay Corporation.

13.     Lindsay denies the allegations of Paragraph 13.

14.     In response to the allegations of Paragraph 14, Lindsay denies that LTSSS is a foreign corporation organized under the laws of the State of California, admits that LTSSS is ultimately wholly-owned by Lindsay Corporation and denies that LTSSS was doing business at relevant times in the jurisdiction of this Court. Lindsay denies the remaining allegations of Paragraph 14.

15.     In response to the allegations of Paragraph 15, Lindsay admits only that LTSSS markets, promotes, advertises, distributes and sells the X-LITE end terminal, that LTSSS uses the name "X-LITE," and that the X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or median. Lindsay denies the remaining allegations of Paragraph 15.

16.     In response to the allegations of Paragraph 16, Lindsay admits that Lindsay Transportation Solutions, Inc. ("LTS") was formerly known as Barrier Systems, Inc., that LTS is a foreign corporation organized under the laws of the State of California, that LTS is a wholly-owned subsidiary of Lindsay Corporation, and denies that LTS was doing business at relevant times in the jurisdiction of this Court. Lindsay denies the remaining allegations of Paragraph 16.

17.     In response to the allegations of Paragraph 17, Lindsay admits only that LTS manufactures and participates in governmental approval processes of the X-LITE end terminal and that the X-LITE can be used at the termination of flexible barriers on the shoulder of a roadway or median.  Lindsay denies the remaining allegations of Paragraph 17.

18.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.     The statement in Paragraph 20 requires no response from Lindsay.  Lindsay alleges, however, that neither Lindsay Corporation, LTSSS nor LTS is related to or a part of Valmont Industries, Inc., Valmont Highway, or Armorflex International Limited.

21.     The statements in Paragraph 21 are conclusions of law to which no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

22.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24.     Lindsay denies the allegations of the first two sentences of Paragraph 24.  Lindsay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same; however, Lindsay denies that any defect in the X-LITE caused the accident to occur as described.

25.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

4

26.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same. Answering further, Lindsay denies any negligence related to the alleged inadequate installation and/or maintenance instructions.

## COUNT I – NEGLIGENCE AGAINST THE LINDSAY DEFENDANTS

28.     Lindsay incorporates by reference its answers to Paragraphs 1-27 as if set forth fully herein.

29.     The statement in Paragraph 29 is a conclusion of law to which no response is required.

30.     Lindsay denies the allegations of Paragraph 30, including all subparts.

31.     Lindsay denies the allegations of Paragraph 31, including all subparts.

## COUNT II – STRICT LIABILITY AGAINST THE LINDSAY DEFENDANTS

32.     Lindsay incorporates by reference its answers to Paragraphs 1-31 as if set forth fully herein.

33.     The statement in Paragraph 33 requires no response from Lindsay.

34.     In response to Paragraph 34, Lindsay admits only that LTSSS is in the business of marketing, distributing, promoting, advertising and/or selling the X-LITE end terminal and that LTS is in the business of manufacturing the X-LITE end terminal.

35.     Lindsay denies the allegations of Paragraph 35, including all subparts.

36.     Lindsay denies the allegations of Paragraph 36.

37.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies the same.

LEGAL\33014250\1

38.     Lindsay denies the allegations of Paragraph 38, including all subparts.

## COUNT III – NEGLIGENCE OF REYNOLDS

39.     Lindsay incorporates by references its answers to Paragraphs 1-38 as if set forth fully herein.

40.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies the same.

41.     The statement in Paragraph 41 is a legal conclusion to which no response is required from Lindsay.

42.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies the same.

43.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies the same.

44.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies the same.

45.     Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies the same.

46.     Lindsay denies all allegations not specifically admitted herein.

47.     Lindsay denies that Plaintiff is entitled to any of the relief demanded in his Complaint.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

Pursuant to Rule 8.03 of the Tennessee Rules of Civil Procedure, Lindsay sets forth the following additional and affirmative defenses applicable to all counts:

48.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

49.     This Court lacks personal jurisdiction over Lindsay Corporation.

6

Case 1:17-cv-00356-TRM-SKL   Document 1-2   Filed 12/27/17   Page 58 of 71   PageID #: 66

50.     Plaintiff's causes of action against Lindsay are barred, in whole or in part, because of the independent, intervening, and superseding actions of other individuals or entities.

51.     Lindsay relies on all applicable defenses afforded it under the Tennessee Product Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*

52.     The X-LITE end terminal at issue in this lawsuit, when manufactured and/or sold, conformed with the state of scientific and technical knowledge available to Lindsay.

53.     The X-LITE end terminal was specifically approved by the Federal Highway Administration for use on Tennessee highways pursuant to the Administration's letter(s) of eligibility and thus complied with all applicable federal and state statutes, administrative regulations, and testing criteria existing at the time the X-LITE was manufactured. Lindsay therefore relies upon Tenn. Code Ann. § 29-28-104, which provides a rebuttable presumption that the X-LITE was not unreasonably dangerous by reason of its compliance with such statutes, regulations and/or criteria.

54.     Plaintiff's causes of action against Lindsay are barred because the X-LITE end terminal at issue in this case met specifications and/or plans drafted by the Tennessee Department of Transportation and/or contractor(s) hired by the Tennessee Department of Transportation and was accepted as compliant with such plans.

55.     The X-LITE end terminal at issue in this lawsuit was reasonably safe and, therefore, not defective, and Lindsay relies on the defenses afforded it under Tenn. Code Ann. § 29-28-105.

56.     The X-LITE end terminal at issue in this lawsuit was reasonably fit, suitable, and safe for its intended purpose.

7

57.     Lindsay relies on the defenses of unforeseeable alteration, change, improper maintenance, misuse and/or abnormal use.

58.     Lindsay relies on all applicable statutes of limitations, including without limitation, Tenn. Code Ann. §§ 28-3-104 and 29-28-103, if proven applicable by investigation and discovery.

59.     If the X-LITE end terminal was unsafe, which Lindsay denies, it was unavoidably unsafe. Accordingly, Lindsay is not strictly liable to Plaintiff under Section 402A, comment k, of the *Restatement (Second) of Torts*.

60.     There was no duty of Lindsay to warn because any alleged dangerous propensity of the X-LITE end terminal, which is denied, was open and obvious.

61.     The amount of fault attributable to Plaintiff's decedent is 50% or more, and therefore Plaintiff is barred from recovery.

62.     The Tennessee Department of Transportation, Valmont Industries, Inc. and/or Armorflex International Limited caused or contributed to any damages suffered by Plaintiff.

63.     In the event that the jury finds Lindsay to be at fault, which Lindsay denies, any award against Lindsay must be reduced by the percentage of fault attributable to others, including Plaintiff's decedent Hannah Eimers; Defendants Valmont Industries, Inc., Valmont Highway, Armorflex International Limited, and Reynolds Fence & Guardrail, Inc.; the Tennessee Department of Transportation; and any additional non-parties revealed through discovery.

64.     Any injuries or damages alleged by Plaintiff were proximately caused by the fault of other individuals or entities over whom or over which Lindsay had no control.

8

65. Any damages alleged by Plaintiff were proximately caused by some other event over which Lindsay had no control.

66. Lindsay owed no legal duty or obligation of any kind, whether arising from common law, statute, contract, tort, or otherwise, to Plaintiff or to Plaintiff's decedent at the time of the incident of which Plaintiff complains. In the alternative, if any duty was owed, there was no breach of that duty by Lindsay.

67. Plaintiff cannot state a claim in tort based upon the X-LITE end terminal's purported failure to perform its intended function.

68. The X-LITE end terminal was fit for the particular purpose for which it was intended.

69. Plaintiff is barred from recovery because of a lack of privity between Plaintiff, Plaintiff's decedent, and Lindsay.

Lindsay moves this Court for permission to amend this Answer and plead additional defenses and to plead its defenses more specifically at the conclusion of its investigation and discovery proceedings.

Lindsay demands a jury of twelve.

WHEREFORE, having fully answered the Complaint against them, Defendants Lindsay Corporation, Lindsay Transportation Solutions Sales & Service LLC, and Lindsay Transportation Solutions Inc. f/k/a Barrier Systems, Inc. hereby request that the Court dismiss Plaintiff's Complaint against them with prejudice; tax all costs, including discretionary costs, to Plaintiff; and award them such other relief as the Court deems just and necessary.

9

Case 1:17-cv-00356-TRM-SKL   Document 1-2   Filed 12/27/17   Page 61 of 71   PageID #: 69

Respectfully submitted,

BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.

*[signature]*

JOHN S. HICKS (B.P.R. No. 010478)
jhicks@bakerdonelson.com
BRIGID M. CARPENTER (B.P.R. No. 018134)
bcarpenter@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, Tennessee 37201
Telephone: 615.726.5600
Facsimile: 615.744.0464

*Attorneys for Lindsay Corporation, Lindsay*
*Transportation Solutions Sales & Service, LLC, and*
*Lindsay Transportation Solutions, Inc. f/k/a Barrier*
*Systems, Inc.*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been

provided via electronic mail and U.S. Mail, postage prepaid to:

Theodore J. Leopold
Leslie M. Kroeger
Poorad Razavi
Cohen Milstein Sellers & Toll, PLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, Florida 33410

Gregory F. Coleman
Adam A. Edwards
Justin Day
Greg Coleman Law PC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

this 28th day of November, 2017.

Brigid M. Carpenter

11



**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

BAKER DONELSON CENTER, SUITE 800
211 COMMERCE STREET
NASHVILLE, TENNESSEE 37201

PHONE: 615.726.5600
FAX:     615.726.0464

www.bakerdonelson.com

BRIGID M. CARPENTER
**Direct Dial**: 615.726.7341
**Direct Fax**: 615.744.7341
**E-Mail Address**: bcarpenter@bakerdonelson.com

November 28, 2017

Rhonda Cooley, Clerk
Circuit Court for McMinn County
1317 S. White Street
Athens, Tennessee 37303

> Re:   *Stephen Eimers, as Personal Representative of the Estate of Hannah Eimers, Deceased v. Valmont Industries, Inc., a foreign corporation; Valmont Highway, a foreign corporation; Armorflex International Limited, a foreign corporation; Lindsay Corporation, a foreign corporation; Lindsay Transportation Solution Sales & Service LLC, a foreign corporation; and Reynolds Fence & Guardrail, Inc., a foreign corporation*
> Circuit Court for McMinn County, Tennessee, Case No. 2017=CV-383

Dear Ms. Cooley:

Enclosed are the Motions for Admission *Pro Hac Vice*, Affidavits and Certificates of Good Standing for James H. Heller and Shelby K. Riney to appear for Defendants Lindsay Corporation and Lindsay Transportation Solution Sales & Service LLC. I anticipate that these motions will be unopposed, and I will forward an Agreed Order granting the Motions upon confirming that. Also enclosed for filing is the Answer of Lindsay Corporation, Lindsay Transportation Solution Sales & Service LLC, and Lindsay Transportation Solutions, Inc. f/k/a Barrier Systems, Inc.

Please stamp the enclosed copies of the Motions and Answer and return them in the enclosed self-addressed, stamped envelope.

4842-5964-1172 v1
2941712-000003 11/28/2017

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

Case 1:17-cv-00356-TRM-SKL   Document 1-2   Filed 12/27/17   Page 64 of 71   PageID #: 72

November 28, 2017
Page 2

       Should you have any questions regarding this matter or need additional information, please do not hesitate to contact me.

Very truly yours,

Brigid M. Carpenter

Enclosures

cc:    Theodore J. Leopold, Esq. (w/encl.; via U.S. Mail)
       Gregory F. Coleman, Esq. (w/encl.; via U.S. Mail)

4842-5964-1172 v1
2941712-000003 11/28/2017

## IN THE CIRCUIT COURT OF McMINN COUNTY
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased

         Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; VALMONT HIGHWAY, a
foreign corporation; ARMORFLEX
INTERNATIONAL LIMITED, a foreign
corporation; LINDSAY CORPORATION, a
foreign corporation; LINDSAY
TRANSPORTATION SOLUTION SALES &
SERVICE LLC, a foreign corporation; and
REYNOLDS FENCE & GUARDRAIL, INC.,
a foreign corporation,

        Defendants.

**CASE NO. 2017-CV-383**

**JURY DEMANDED**



FILED

DEC 08 2017  253

RHONDA COOLEY
CIRCUIT COURT CLERK
BY _____ D.C.

## NOTICE OF VOLUNTARY DISMISSAL ONLY AS TO VALMONT INDUSTRIES, INC., VALMONT HIGHWAY, AND ARMORFLEX INTERNATIONAL LIMITED

    Plaintiff hereby provides the Court and opposing counsel with written notice of his intention to take a voluntary nonsuit to dismiss his action without prejudice solely only as to Defendants VALMONT INDUSTRIES, INC., a foreign corporation, VALMONT HIGHWAY, a foreign corporation, and ARMORFLEX INTERNATIONAL LIMITED, a foreign corporation.

    Respectfully submitted on November 6, 2017.

                Justin G. Day, Esq. (BPR No. 033267)
                Gregory F. Coleman, Esq. (BPR No. 14092)
                Adam A. Edwards, Esq. (BPR No. 23253)
                **GREG COLEMAN LAW PC**
                800 S. Gay Street, Suite 1100



Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
E: justin@gregcolemnlaw.com
E: greg@gregcolemanlaw.com
E: adam@gregcolemanlaw.com

Theodore J. Leopold, Esq. (FL Bar No. 705608)
*Pro Hac Vice Forthcoming*
Leslie M. Kroeger, Esq. (FL Bar No. 989762)
*Pro Hac Vice Forthcoming*
Poorad Razivi, Esq. (FL Bar No. 0022876)
*Pro Hac Vice Forthcoming*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
T: (561) 515-1400
F: (561) 515-1401
E: tleopold@cohenmilstein.com
E: lkroeger@cohenmilstein.com
E: prazavi@cohenmilstein.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by email and U.S. Mail, this _6th_ day of November, 2017, to the following:

John S. Hicks, Esq. (BPR #010478)
Brigid M. Carpenter, Esq. (BPR #018134)
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
211 Commerce Street, Suite 800
Nashville, TN 37201
T: (615) 726-5600
F: (615) 744-7337
E: jhicks@bakerdonelson.com
E: bcarpenter@bakerdonelson.com

*Attorneys for Defendants Lindsay Corporation,*
*Lindsay Transportation Solutions Sales &*
*Service, LLC and Lindsay Transportation Solutions*
*Inc. f/k/a Barrier Systems, Inc.*

Charles F. Spainhour, Esq. (BPR #34453)
Lela M. Hollabaugh, Esq. (BPR #14894)
William F. Goodman, Esq. (BPR #33077)
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN  37203
T: (615)-252-2348
F: (615)-252-6348
E: fspainhour@bradley.com
E: lhollabaugh@bradley.com
E: wgoodman@bradley.com

*Attorneys for Valmont Industries, Inc., Valmont Highway Distribution Limited (f/k/a Armorflex International Limited)*

**GREG COLEMAN LAW PC**

By: _____
Justin G. Day, Esq.

## IN THE CIRCUIT COURT OF McMINN COUNTY
## AT ATHENS, TENNESSEE

STEPHEN EIMERS, as Personal
Representative of the Estate of HANNAH
EIMERS, Deceased

          Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a foreign
corporation; VALMONT HIGHWAY, a
foreign corporation; ARMORFLEX
INTERNATIONAL LIMITED, a foreign
corporation; LINDSAY CORPORATION, a
foreign corporation; LINDSAY
TRANSPORTATION SOLUTION SALES &
SERVICE LLC, a foreign corporation; and
REYNOLDS FENCE & GUARDRAIL, INC.,
a foreign corporation,

          Defendants.

**CASE NO. 2017-CV-383**

**JURY DEMANDED**



## ORDER OF VOLUNTARY DISMISSAL ONLY AS TO
## DEFENDANTS VALMONT INDUSTRIES, INC., VALMONT
## HIGHWAY AND ARMORFLEX INTERNATIONAL LIMITED

Upon Notice of the Plaintiff for an Order of Voluntary Dismissal in the above-styled

case, and for good cause shown, it is therefore **ORDERED, ADJUDGED AND DECREED**

that the Plaintiff's action solely against the Defendants, VALMONT INDUSTRIES, INC., a

foreign corporation, VALMONT HIGHWAY, a foreign corporation, and ARMORFLEX

INTERNATIONAL LIMITED, a foreign corporation, is hereby nonsuited without prejudice,

and Court costs will not be taxed against Defendants VALMONT INDUSTRIES, INC., a foreign

corporation, VALMONT HIGHWAY, a foreign corporation, and ARMORFLEX

INTERNATIONAL LIMITED, a foreign corporation.

1



ENTERED this _21st_ day of _Dec._, 2017.

_____
JUDGE, McMINN CIRCUIT COURT

**APPROVED FOR ENTRY:**

_____
Justin G. Day, Esq. (BPR No. 033267
Gregory F. Coleman, Esq. (BPR No. 14092)
Adam A. Edwards, Esq. (BPR No. 23253)
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
E: adam@gregcolemanlaw.com
E: greg@gregcolemanlaw.com
E: justin@gregcolemnlaw.com

Theodore J. Leopold, Esq. (FL Bar No. 705608)
_Pro Hac Vice Forthcoming_
Leslie M. Kroeger, Esq. (FL Bar No. 989762)
_Pro Hac Vice Forthcoming_
Poorad Razivi, Esq. (FL Bar No. 0022876)
_Pro Hac Vice Forthcoming_
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
T: (561) 515-1400
F: (561) 515-1401
E: tleopold@cohenmilstein.com
E: lkroeger@cohenmilstein.com
E: prazavi@cohenmilstein.com

_Attorneys for Plaintiff_

2

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was this 6th _____ day of November, 2017, mailed to the following:

Brigid M. Carpenter, Esq. (BPR No. 018134)
John S. Hicks, Esq. (BPR No. 10478)
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ
211 Commerce Street, Suite 800
Nashville, TN 37201
T: (615) 726-5600
F: (615) 744-7337
E: jhicks@bakerdonelson.com
E: bcarpenter@bakerdonelson.com

*Attorneys for Defendants Lindsay Corporation,
Lindsay Transportation Solutions Sales &
Service, LLC and Lindsay Transportation
Solutions, Inc. f/k/a Barrier Systems, Inc.*

Lela M. Hollabaugh, Esq. (BPR No. 14894)
William F. Goodman, Esq. (BPR No. 33077)
Charles F. Spainhour, Esq. (BPR No. 34453)
BRADLEY ARANT BOULT CUMMINGS
LLP
1600 Division Street, Suite 700
Nashville, TN 37203
T: (615)-252-2348
F: (615)-252-6348F
E: lhollabaugh@bradley.com
E: wgoodman@bradley.com
E: fsspainhour@bradley.com

*Attorneys for Valmont Defendants*

GREG COLEMAN LAW PC

By: _____
Justin G. Day, Esq. (BPR No. 033267

3